FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 13 2018   ★

LONG ISLAND OFFICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

Lisa Sells individually and on behalf of
all others similarly situated,

**Plaintiff,**

v.

CAC Financial Corp.

**Jury Demanded**

**Defendant.**

**No. CV-18 0957**

**CLASS ACTION**

**FEUERSTEIN, J.**

BROWN, M. J.

---

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

1.  Plaintiff Lisa Sells ("Plaintiff" or "Sells") files this Complaint seeking redress for the illegal practices of Defendant, CAC Financial Corp. ("Defendant" or "CAC"), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2.  Among other violations, CAC has violated the Plaintiff and the putative class members' rights under the FDCPA by failing to provide them with the notices to which they are entitled by statute; by depriving them of their ability to fully resolve their alleged debts.

### Parties

3.  Plaintiff Lisa Sells is a citizen of New York State who resides within this District.

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for a consumer credit card.

6. Defendant is regularly engaged in the collection of debts allegedly due to others.

7. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

### Factual Allegations

12. CAC alleges that Plaintiff owes a debt to Synchrony Bank/Walmart Credit Card.

13. In an attempt to collect the alleged debt, on or after February 14, 2017 Defendant sent Plaintiff a debt collection letter. (**Exhibit A**)

14. Exhibit A seeks to collect a total debt of $628.48.

2

15. Exhibit A fails to indicate to Plaintiff that amount of the debt was going to continue to increase.

16. Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to inform the Plaintiff that interest was continuing to accrue on the account per the original contract between the parties. *Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP,* 852 F.3d 207, 215-17 (2d Cir. 2017).

17. Exhibit A violates the FDCPA, *Avila,* and *Carlin* in that the Plaintiff is misled as to the proper amount, character, and status of the debt.

18. Exhibit A does not disclose that if the Plaintiff did not pay the alleged debt, the Plaintiff would be liable for accruing interest.

19. The Plaintiff has not received any notice indicating that the interest per the original contract has stopped being assessed.

20. Neither the Defendant, the creditor, nor anyone on their behalf has informed the Plaintiff that the creditor has permanently waived their right to charge interest on the account.

21. Exhibit A does not include the "safe harbor" language required by Avila v. Riexinger & Assocs., LLC, 817 F.3d 72 (2d Cir. N.Y. 2016).

22. The amount and status of the alleged debt is not clear from Exhibit A in that it is unclear whether interest has been permanently waived.

3

23. Exhibit A can be understood two different ways, one of which is false. Exhibit A can be read to be imposing interest, and Exhibit A can be read to not be imposing interest.

24. For the reasons stated herein, Exhibit A is false, deceptive, misleading, unfair and unconscionable and violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1).

### Class Action Allegations

25. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

26. A class action is superior for the fair and efficient adjudication of the class members' claims.

4

27. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

28. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

32. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

5

## Violations of the Fair Debt Collection Practices Act

33. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.


## Class Allegations Related to Exhibit A

34. By sending Exhibit A to Plaintiff, the Defendant violated 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5); 15 USC 1692e(10); 15 USC 1692f; and 15 USC 1692f(1), in that the Defendant did not properly and effectively convey the amount and status of the debt.

35. By sending Exhibit A to Plaintiff, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly indicate to the Plaintiff that the alleged debt may continuing to accrue interest.

36. By sending Exhibit A to Plaintiff, the Defendant also violated 15 U.S.C. §§ 1692 e, e(2), e(5), e(10), and f by falsely indicating that the Plaintiff owed a static amount not subject to interest.

37. By sending Exhibit A to Plaintiff, the Defendant violated 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5); 15 USC 1692e(10); 15 USC 1692f; and 15 USC 1692f(1), in that Exhibit A can be read to have more than one meaning, one of which is false or deceptive.

38. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

6

39. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendant sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
          February 13, 2018

                              RESPECTFULLY SUBMITTED,

                              S/ JOSEPH MAURO
                              Joseph Mauro
                              The Law Offices of Joseph Mauro, LLC
                              306 McCall Ave.
                              West Islip, NY 11795
                              Tel: (631) 669-0921

7

# EXHIBIT A

# CAC FINANCIAL CORP

2601 NW EXPRESSWAY, SUITE 1000 EAST
OKLAHOMA CITY, OKLAHOMA 73112-7236
(405) 425-1550 • 1-800-304-6070
02-14-17



CREDITOR:  Synchrony Bank/Walmart Credit Card
ACCOUNT #.: 17807683
BALANCE: $682.48
CLIENT ACCT # :************0066

Your account above remains unpaid.  In an effort to resolve your account, we would like to offer you several payment options that meet your current financial needs, including breaking the balance in to three (3) monthly payments, six (6) monthly payments, or other possible options.

Please contact our office today, and let our representatives work with you to find a payment solution that fits your needs.

You may also make a payment online at www.paycacfinancial.com or by sending a payment in the enclosed envelope.

Thank you.

THE NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS HAS ASSIGNED LICENSE #0991650 TO THIS AGENCY.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

DEBT COLLECTORS, IN ACCORDANCE WITH THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ., ARE PROHIBITED FROM ENGAGING IN ABUSIVE, DECEPTIVE, AND UNFAIR DEBT COLLECTION EFFORTS, INCLUDING BUT NOT LIMITED TO:

　　(i) THE USE OR THREAT OF VIOLENCE;
　　(ii) THE USE OF OBSCENE OR PROFANE LANGUAGE; AND
　　(iii) REPEATED PHONE CALLS MADE WITH THE INTENT TO ANNOY, ABUSE, OR HARASS.

IF A CREDITOR OR DEBT COLLECTOR RECEIVES A MONEY JUDGMENT AGAINST YOU IN COURT, STATE AND FEDERAL LAWS MAY PREVENT THE FOLLOWING TYPES OF INCOME FROM BEING TAKEN TO PAY THE DEBT:
1)　　SUPPLEMENTAL SECURITY INCOME, (SSI);
2)　　SOCIAL SECURITY;
3)　　PUBLIC ASSISTANCE (WELFARE);
4)　　SPOUSAL SUPPORT, MAINTENANCE (ALIMONY) OR CHILD SUPPORT;
5)　　UNEMPLOYMENT BENEFITS;
6)　　DISABILITY BENEFITS;
7)　　WORKERS' COMPENSATION BENEFITS;
8)　　PUBLIC OR PRIVATE PENSIONS;
9)　　VETERANS' BENEFITS;
10)　　FEDERAL STUDENT LOANS, FEDERAL STUDENT GRANTS, AND FEDERAL WORK STUDY FUNDS; AND;
11)　　NINETY PERCENT OF YOUR WAGES OR SALARY EARNED IN THE LAST SIXTY DAYS.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - DETACH AND RETURN WITH PAYMENT - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PO BOX 20909
PORTLAND OR  97294-0909
CHANGE SERVICE REQUESTED

||||||||||||||||||||||||||||||||||||||||||||||||||||||||

BALANCE: $682.48
ACCOUNT #:17807683

YOU MAY MAKE PAYMENTS TO:

SELLS, LISA
26 MALVERNE RD
SOUND BEACH NY  11789-2917

CAC FINANCIAL CORP
2601 NW EXPRESSWAY STE 1000 E
OKLAHOMA CITY OK  73112-7236

OPTS 000143P 1 615 000126 44 005800 Z-CRE